UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIA SHAKIR KALASHO,

    Petitioner,

v.

Case No. 1:05-CV-50
Hon. Gordon J. Quist

PHILIP WRONA,
Interim Director, BICE,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. This matter is now before the court on respondent's motion to dismiss and/or for summary judgment (docket no. 5). In his motion, respondent contends that petitioner has been released from custody and that his petition is now moot. Respondent's motion is unopposed.

Petitioner states that he is a native and citizen of Iraq. Petition at ¶ 4. An Immigration Judge ordered petitioner removed on March 28, 2003. Order of Supervision, attached to Respondent's Brief as Exh. A. Petitioner has been in INS (now BICE) custody since September 20, 2004. Petition at ¶ 4. Petitioner contends that he is being unlawfully detained in the Calhoun County Jail in Battle Creek, MI, in violation of INA § 241(A)(6), and in violation of the Due Process clause of the United States Constitution. Petition at ¶¶ 19-24. Petitioner seeks immediate release. Petition at p. 9.

In order for this court to have jurisdiction over petitioner's habeas claims under § 2241, he must be in the custody of the government. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). Petitioner was released from BICE custody on February 17, 2005. *See* Putra Affidavit, attached to respondent's brief as Exh. A. Once a habeas petitioner is no longer in custody, the court must determine "whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The relevant inquiry for the court is whether petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration," that can be redressed by granting the habeas petition. *See id.* 7-8.

Here, petitioner has only challenged his confinement. He does not dispute the order of removal or allege that he suffers any collateral consequences from the government's actions. Furthermore, petition does not challenge respondent's dispositive motion. Accordingly, the habeas petition should be denied as moot. *See Spencer*, 523 U.S. at 7; *Amazon v. Meissner*, No. 00-6103, 2000 WL 1124537 (4th Cir. Aug. 9, 2000) (per curiam) (petitioner's appeal is moot where he attacked his confinement only, rather than the deportation order, and did not allege any collateral consequences arising from his detention or deportation).

**Recommendation**

I respectfully recommend that respondent's motion to dismiss and/or for summary judgment (docket no. 5) be GRANTED and that the petition for habeas relief pursuant to § 2241 be DENIED as moot.


Dated:  October 31, 2005             /s/ Hugh W. Brenneman, Jr.
                                     Hugh W. Brenneman, Jr.
                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).